IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LITTLE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 06-CV-2544 |
| | : | |
| SUPT. JAMES GRACE, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                        **August 8, 2007**

Tyree Little, serving a 15 to 30 year sentence for third-degree murder at the State Correctional Institution in Huntingdon, Pennsylvania, asks this Court to reject the Report of Magistrate Judge Thomas J. Rueter denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. After a careful and independent review pursuant to 28 U.S.C. § 636(b)(1), this Court will approve the Report and Recommendation and dismiss Little's petition.

**FACTS**

In 2001, Little was convicted of third-degree murder and other offenses for killing Walter Bryant. In December 1999, Little and his friend "Nigel" searched the neighborhood for Bryant because Nigel and Bryant's friend were involved in a dispute over a girl. Little found Bryant, and they argued. Several hours later, Little said he was driving with a passenger when Bryant flagged down their car (prosecutors alleged at trial Little was driving around looking for Bryant to reignite their argument). A second argument ensued during which, according to Little, Bryant told him, "If you have a gun, you'd better use it." Little said Bryant reached into his hoodie pocket, and Little believed he was reaching for a gun. Little fired eight shots, hitting Bryant at least six times, including several times in the back. Little claimed the shooting was in self-defense. According to his signed statement to police, Little fled the scene and threw his gun into a nearby river. He did

1

not testify at trial.

Little was convicted of third-degree murder and related offenses by a jury in the Court of Common Pleas for Philadelphia County and was sentenced to 15 to 30 years of imprisonment. Little appealed to the Superior Court of Pennsylvania, claiming: (1) the evidence was insufficient to sustain his convictions because the Commonwealth failed to disprove his claim of self-defense beyond a reasonable doubt; (2) the prosecutor committed misconduct when he argued facts in his summation not in evidence; and (3) the sentence was excessive. The Superior Court denied the first two claims and declined to review the third because it determined there was no question meriting appellate review. On May 28, 2003, the Pennsylvania Supreme Court denied Little permission to appeal.

On November 28, 2003, Little filed a *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541 *et seq.*, claiming (1) ineffective assistance of trial counsel for failure to interview and call three witnesses; (2) ineffective assistance of trial counsel for failure to object to remarks in prosecutor's opening statement; and (3) juror misconduct for communicating with Little's family about the trial.[1] Appointed counsel wrote a letter asserting Little's claims were without merit pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). The PCRA court dismissed the petition on July 7, 2004 and filed an opinion dismissing a fourth claim of improper dismissal of a PCRA petition without a hearing. *Commonwealth v. Little*, No. 0005-0567 (C.P. Phila. June 23, 2004).

The PCRA court granted Little's second *pro se* PCRA petition to reinstate his right to appeal.

---

[1] A new trial may be granted only in clear cases of improper conduct by jurors. *Pittsburgh National Bank v. Mutual Life Ins. Co. of N.Y.*, 417 A.2d 1206, 1209 (Pa. Super. 1980). Little failed to provide any evidence to support his claim an unidentified juror discussed the case with his cousin during the trial.

Little again raised the original PCRA petition's two ineffective assistance of trial counsel claims and added a third claim, the PCRA court's denial of his petition was based on facts outside the record and the PCRA court failed to hold a hearing. *Commonwealth v. Little*, No. 1280 EDA 2005, slip op. at 4 (Pa. Super. Ct. Jan. 11, 2006). The Superior Court affirmed the dismissal of the first PCRA petition, finding the second and third claims waived and holding all claims meritless. Little did not seek further review from the Pennsylvania Supreme Court.

Little's timely[2] petition for a writ of habeas corpus raised four claims: (1) ineffective assistance of trial counsel for failure to interview and call three witnesses; (2) ineffective assistance of trial counsel for failure to object to remarks in prosecutor's opening statement; (3) prosecutorial misconduct because the prosecutor's opening statement referred to facts not in evidence; and (4) error by the Superior Court for dismissing two of Little's claims because the court had not received certified records from Little. United States Magistrate Judge Thomas J. Rueter issued a Report recommending Little's habeas petition be denied.

**DISCUSSION**

A grant of habeas corpus is meant to release a state prisoner from confinement unlawful under the Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a); *Allen v. McCurry*, 449 U.S. 90, 98 n.12 (1980). Little is entitled to relief if (1) the state court violated a clear legal rule set forth by the Supreme Court; (2) the state court unreasonably applied federal law; or

---

[2] The one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is tolled for any time during which properly filed PCRA petition is pending. 28 U.S.C. § 2244(d)(2). Little waited six months before filing his PCRA petition. When the Superior Court denied his appeal on January 11, 2006, Little had six months remaining in which to file his petition for a writ of habeas corpus. Little's petition was filed June 14, 2006 but is timely under the prisoner mailbox rule because he signed it on June 7, 2006. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding a document is deemed filed when it is deposited in the prison mailroom), *Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir.1998) (using date of signing of petition as date petitioner handed it to prison officials for mailing).

(3) the state court made an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state-court decision is "contrary to" federal precedent under the first prong if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if a state court confronts facts materially indistinguishable from a relevant Supreme Court precedent and arrives at a contrary result. *Williams*, 529 U.S. at 405. Most cases will not fit into this category, as it is limited to direct contradiction of Supreme Court authority. *Id.* at 406-08; *see also Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) (holding "a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court."). Under the second prong, relief is appropriate only when a state court's interpretation of federal law is objectively unreasonable and cannot be justified by existing Supreme Court precedent. *Williams*, 529 U.S. at 411; *Werts v. Vaughn*, 228 F.3d 178, 179 (3d Cir. 2000). To succeed on a claim under the third prong, Little must prove no reasonable basis existed for the state courts' findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 290-91 (3d Cir. 2000).

State courts' factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). A writ will issue only if Little demonstrates with "clear and convincing evidence" the courts' factual findings are erroneous. *Id.*

Both of Little's ineffective assistance of counsel claims fail on the merits. Counsel is presumed competent, and cannot be deemed ineffective merely for pursuing an ultimately unsuccessful trial strategy. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). In *Strickland*, the Supreme Court established a three-prong test to analyze ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668 (1984). Little must show (1) counsel's performance was deficient; (2) there was no strategic or reasonable basis for the performance; and (3) the deficiency

4

prejudiced the defendant. *Id.* at 697. Such a claim is generally analyzed by first looking at whether the claim has arguable merit, and, if so, then determining whether there was some reasonable basis for counsel's action designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349, 352 (Pa. 1967). The third prong of *Strickland* requires there be a reasonable probability a different result would have occurred in the absence of counsel's errors. *Strickland*, 466 U.S. at 694; *see also Lewis v. Mazurkiewicz*, 915 F.2d 106, 115 (3d Cir. 1990). The test set forth in *Strickland* is clearly established federal law, and thus Little would be entitled to relief only if the state court's decision were contrary to, or unreasonably applied, this law. *Williams v. Taylor*, 529 U.S. 362, 391 (2000).

The state court rejected Little's ineffective assistance of counsel claims under the PCRA. The test in Pennsylvania for showing ineffective assistance of counsel is identical to the test adopted in *Strickland*. *See, e.g., Commonwealth v. McGill*, 832 A.2d 1014, 1020 (Pa. 2003) (citing *Pierce*, 786 A.2d at 213). Therefore, the Court must defer to the state court's decision and grant habeas relief only if the state court decision was objectively unreasonable. 28 U.S.C. § 2254(d)(1); *see also Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Little argues trial counsel was ineffective for failing to present three witnesses' testimony to support a self-defense theory. Even if the witnesses had testified as Little claims, and their testimony were admissible,[3] it would have been insufficient to establish self-defense and the jury still could have reasonably returned a guilty verdict. Self-defense requires the actor (1) reasonably believe he was in imminent danger of death or serious bodily injury and it was necessary to use

---

[3] Their testimony was likely not admissible under 42 Pa.C.S. 9545(d), which requires a petition for an evidentiary hearing under the PCRA to include signed certification as to each intended witness and any documents material to the witnesses' testimony. Little did not attach a copy of the police statements, nor did he provide affidavits from the witnesses.

deadly force to prevent such harm; (2) be free from fault in provoking the confrontation; and (3) did not violate a duty to retreat. *Commonwealth v. Samuel*, 590 A.2d 1245 (Pa. 1991); 18 Pa.C.S. § 505. The use of deadly force is not justified when "reasonable alternatives" exist. *Commonwealth v. Butler*, 533 A.2d 992, 994 (Pa. 1987). When excessive force is used, a claim of self-defense cannot be maintained. *Commonwealth v. Harris*, 703 A.2d 441, 449 (Pa. 1997) (holding defendant violated his duty to retreat after the first shot he fired disabled the victim).

At best, the witnesses' testimony may have helped Little succeed on the first prong of the test for self-defense by showing his belief Bryant was reaching for a gun was reasonable. Two of the proposed witnesses, Victor Szapowalo and Adam Tieu, told police Bryant had something that looked like a cell phone or beeper in his hand. Quadre Jacobs, a friend of the victim, told police he touched Bryant after he was shot and there were neighbors standing around his body. Little believes this testimony would have supported his self-defense theory, but none of these witnesses stated Bryant had a gun. Indeed, Little himself admitted to police he never saw Bryant holding a gun. Evidence a victim was unarmed does not make an assailant's belief of impending harm *per se* unreasonable, but courts weigh the evidence heavily when determining if a defendant's belief was reasonable. *Commonwealth v. Watson*, 431 A.2d 949, 952 (Pa. 1981); *see, e.g.*, *Commonwealth v. Marks*, 704 A.2d 1095 (Pa. Super. 1997) (finding evidence of repeated blows to an unarmed victim sufficient to support a finding that defendant neither reasonably nor actually believed deadly force was necessary).

Even if Little showed he reasonably believed Bryant was reaching for a gun in his pocket, no prejudice exists because the evidence shows he was not without fault in provoking Bryant. Little admitted to police he had been driving around looking for Bryant. Moreover, Little violated his duty to retreat or exercise other reasonable alternatives. Instead, he used excessive force by firing eight

shots at Bryant, with several bullets hitting Bryant in the back. None of the witnesses' testimony would have countered the evidence showing Little was partially at fault for renewing his earlier argument with Bryant. In fact, Tieu's testimony might have further undermined any self-defense claim, as he reported hearing an initial shot followed by a series of shots. Even if Little had reasonably believed himself to be in danger initially, Tieu's testimony would show he used excessive force and was, therefore, precluded from invoking a justification of self-defense. Because the additional witnesses' testimony would not have established a self-defense theory, Little was not prejudiced by counsel's failure to present these witnesses. Consequently, counsel cannot be considered ineffective for failing to call the proposed witnesses. *Strickland*, 466 U.S. at 693.

Little's second ineffective assistance of counsel claim asserts trial counsel erred by failing to object to comments in the prosecutor's opening statement not supported by the evidence. Little objects to the prosecutor's contention he was armed and looking for Bryant prior to the shooting. He further objects to the prosecutor's characterization of him as a "protector" and "muscle" for a friend who was involved in a dispute with Bryant's friend. Little argues these statements tainted the minds of the jurors and "impeded the rendering of a true verdict." The PCRA court rejected this claim as meritless.

If there is no merit to a petitioner's claim the prosecutor's statements were objectionable, counsel cannot be ineffective for failing to object. *Hartey v. Vaughn*, 186 F.3d 367, 372 (3d Cir. 1999); *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980) (holding counsel cannot be ineffective for failing to make baseless claims). A prosecutor may draw inferences from evidence in the record, *U.S. v. Reilly*, 33 F.3d 1396, 1422 (3d Cir. 1994), and is not required to prove all allegations made during an opening statement. *Commonwealth v. Farquharson*, 352 A.2d 545, 552 (Pa. 1976).

Little's second claim fails all three prongs of the test set forth by *Strickland*. Little told police he had driven around with Nigel looking for Bryant the night prior to shooting him. At the time of the accident, when he encountered the victim, Little was armed with a gun. Thus, the prosecutor's statement Little has been armed when he sought out Bryant on the night before the shooting was a reasonable inference based on the available evidence. It was also reasonable to infer Little was acting as the protector for his friend, who accompanied Little in the car and who was involved in a dispute with Bryant. Any objection to the prosecutor's opening statement would be without merit, and thus counsel was not ineffective for her failure to object. *Hartey*, 186 F.3d at 372. Further, defense counsel identified the prosecutor's claims to the jury in her closing statement and pointed out that there was no evidence to support them. As to the second and third prongs, Little has shown no evidence counsel's failure to object was not part of her trial strategy, and has not shown that any prejudice resulted from her failure to object (indeed, the outcome of the trial would not have changed since her objection would likely have been overruled). The PCRA court correctly rejected Little's second claim as meritless.

The state courts correctly and reasonably applied the federal law set forth in *Strickland* and reasonably determined the facts in light of the evidence presented at trial as required by 28 U.S.C. § 2254(d)(1-2). Little's ineffective assistance of counsel claims are without merit and are hereby denied.

Little's allegation of prosecutorial misconduct stems from the same assertions in the prosecutor's opening statement as his second ineffective assistance of counsel claim. He alleges the District Attorney knowingly made an unsupported claim to the jury to create hostility against him. Little failed to raise this claim in his PCRA petition, so it has not been exhausted in state court as required by 28 U.S.C. § 2254(b)(1)(A). A claim is considered waived if a petitioner could have

raised it in a prior state court proceeding under the PCRA, but failed to do so. 42 Pa.C.S. § 9544(b). Waived PCRA claims are beyond review in state courts. *Commonwealth v. Jones,* 876 A.2d 380, 384 (Pa. 2005).

The exhaustion doctrine is intended "to give state courts a full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). While state prisoners need not invoke extraordinary remedies, they must "give the state one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 844-45. For an issue to be preserved for presentation in a federal habeas petition, the prisoner must "fairly present" his claim to the state courts. *Id.* at 848.

If a claim has not been fairly presented to the state courts but further state-court review is foreclosed, exhaustion is excused on the ground of futility. *See, e.g.*, *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Toulson v. Beyer*, 987 F.2d 984, 987-88 (3d Cir. 1993). Any new claim by Little would be futile because it is foreclosed by the PCRA's statute of limitations. 42 Pa.C.S. § 9545. To overcome this one-year time limit, Little would need to show interference by government officials, newly-discovered facts, or a newly applicable constitutional right. 42 Pa.C.S. § 9545(b)(i)-(iii). This requirement is jurisdictional, precluding consideration on the merits of an untimely PCRA petition. *Whitney v. Horn*, 280 F.3d 240, 251 (3d Cir. 2002). Little's third claim is procedurally defaulted and cannot be entertained unless the default may be excused on the basis of good cause, prejudice, or a fundamental miscarriage of justice. *Edward v. Carpenter*, 529 U.S. 446, 451 (2000); *see also Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001).

Little believes his claim is exhausted because he raised the issue of prosecutorial misconduct on direct appeal. However, he based his original claim on comments the prosecutor made during his summation, not on the language he now points to in the prosecutor's opening statement. Thus,

9

Little's claim of prosecutorial misconduct is procedurally defaulted.

In the alternative, this Court will consider this claim on the merits as allowed by 28 U.S.C. § 2254(b). When, as here, no objection was raised during a prosecutor's statements, we review only for clear error. *Reilly*, 33 F.3d at 1421.

A prosecutor's opening statement should be limited to facts he intends to prove at trial and any legitimate inferences which may be drawn from these facts. *Commonwealth v. Duffey*, 548 A.2d 1178, 1184 (Pa. 1988); *Commonwealth v. Fairbanks,* 306 A.2d 866, 868-69 (Pa. 1973). To succeed, a claimant must show the prosecutor made reference to evidence absent a good faith and reasonable basis for believing that such evidence in fact was available and admissible. *Commonwealth v. Farquharson*, 354 A.2d 545, 552 (1976). Errors made in the absence of bad faith do not amount to prosecutorial misconduct. *Clark v. Essex Wire Corp.*, 63 A.2d 35, 37 (Pa. 1949).

The ultimate question in cases of prosecutorial misconduct is "whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Some errors are so insignificant in the setting of a particular case as to be deemed harmless, not requiring the automatic reversal of the conviction. *United States v. Hasting,* 461 U.S. 499, 508 (1983); *see, e.g.*, *United States v. Homer,* 545 F.2d 864, 868 (3d Cir.1976) (holding a prosecutor's comments harmless because they constituted two small paragraphs within sixty pages of closing argument). In determining whether an error was harmless or prejudicial, a court should consider (1) the scope of the objectionable comments and their relationship to the entire proceeding; (2) the ameliorative effect of any curative instructions given; and (3) the strength of the evidence supporting the defendant's conviction. *United States v. Zehrbach* 47 F.3d 1252, 1265 (3d Cir.1995) (*en banc*).

In the present case, the prosecutor's comments during opening statements did not deprive Little of a fair trial. As noted above and by the Superior Court, the prosecutor's statements were based on reasonable inferences from the evidence presented. There is no evidence of bad faith on the part of the prosecutor. Even if Little could prove the comments were in error, the error was harmless and did not affect the outcome of his trial. The challenged comments were only one paragraph of a much larger opening statement. Little's attorney challenged the prosecutor's assertions in her closing statements and noted they were not supported by the evidence, ameliorating any possible prejudice. Moreover, the evidence supporting Little's conviction, especially his sworn statement to police indicating he shot Bryant without seeing Bryant draw a gun, is more than sufficient to support his conviction. The state court correctly applied federal law and reasonably determined the facts in light of the evidence presented. Little's claim of prosecutorial misconduct is denied.

Finally, Little argues the state court erred when it dismissed issues because it had not received certified records. The state court's finding of waiver was solely a matter of state law and thus cannot be heard in a federal habeas petition. 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding a federal court should not examine a state court's determination of state law), *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (stating a writ of habeas corpus may not issue for a perceived error of state law). As Little asserts no violation of federal law or his constitutional rights, this claim is denied.

Little's habeas petition makes no cognizable claim of a violation of federal law. The state courts reasonably applied federal law to the facts as determined by the evidence presented, and there is ample evidence in the record to sustain the jury's conviction for unjustifiable third-degree murder

and related offenses. Therefore, Little's claims of ineffective assistance of counsel and prosecutorial misconduct were rightfully considered meritless by the state PCRA court. There are no grounds on which this Court could grant a writ of habeas corpus, and thus I agree with the Magistrate Judge's recommendation to dismiss Little's Petition for a Writ of Habeas Corpus.

An appropriate order follows.